NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
F I L E D
OCT 0 3 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 06-CV-294-KSF

JEFFREY GINN                                                                               PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

STEVEN DEWALT                                                                        RESPONDENT

On September 7, 2006, Jeffrey Ginn, a prisoner in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Federal Medical Center in Lexington, Kentucky, filed this habeas corpus petition pursuant to 28 U.S.C. §2241 and paid the $5.00 filing fee [Record No. 1].

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). Upon initial screening, the allegations in the petition are taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

BACKGROUND

This is the second §2241 proceeding which the petitioner has brought within a six-week time period. His first, *Ginn v. Dewalt*, Lex. 06-CV-242-KSF, was brought by counsel on July 28, 2006.

Ginn previously claimed that he had been in the BOP's Residential Drug Abuse Program ("RDAP") and had been scheduled to complete it on July 14, 2006, when, on June 9, 2006, he was placed in the prison's Special Housing Unit while an investigation was conducted into institutional infractions. He alleged that even though he was not found guilty of any of the infractions and was released from the special housing on June 19th, he was informed on the next day that he was being

removed from the July 14, 2006 RDAP graduating class and placed in the October 20, 2006 graduating class. The stated basis for the decision was purportedly "discontinuity" in his behavior.

Ginn complained that the decision to delay his graduation date from the RDAP (1) was arbitrary and capricious and should be reversed pursuant to the terms of the Administrative Procedures Act; and (2) was contrary to the treatment of other prisoners who were found to have committed infractions but were allowed to complete the program in a timely fashion.

As relief, Ginn sought orders directing that he be deemed to have graduated from the RDAP program at the originally scheduled date and directing that the petitioner be released to a halfway house for the purpose of fulfilling its aftercare provisions. The petitioner also claimed that on the date of his originally-planned graduation, July 14, 2006, he had filed a request about the matter through the BOP's administrative remedy procedures; that decision was pending; and he would be irreparably harmed if required to continue with those procedures to exhaustion. Therefore, he asked for expedited review of his petition.

Upon screening the petition, on August 3, 2006, the Court issued a Memorandum Opinion and Order which first summarized the petitioner's factual allegations. The Court then stated its understanding of the importance of completion of the RDAP, which, under 18 U.S.C. §3621(e)(2), makes him eligible for a reduction in his sentence of up to one year. However, it also noted that the petitioner had failed to explain how the delay in completion of the RDAP or completion of the BOP administrative process would irreparably harm him. The Court also pointed out that if he sought expedited review in the BOP proceedings, "28 C.F.R. §542.18 provides a mechanism to obtain it."

2

This Court dismissed the previous action, *sua sponte*, without prejudice, for Petitioner Ginn's failure to demonstrate exhaustion of the BOP administrative process prior to filing suit. A month later, Ginn filed the current petition.

## CURRENT ALLEGATIONS

Petitioner Ginn's second petition, brought *pro se*, contains the same claim about the RDAP graduation dates, entire paragraphs from the first petition being repeated verbatim. This time he has added more facts, presumably to demonstrate the harmful effect(s) of the later graduation date and/or the harm he would allegedly suffer if required to exhaust the BOP administrative process. The following is a summary or construction of the additional allegations in Ginn's current petition.

The petitioner alleges both that he is "an active participant at this time" and, contradictorily, that he "has satisfied all of the statutory, regulatory, and program statements . . . and was determined by Respondent to be eligible for up to 12 months early release." He contends, additionally, that he had been accepted into a halfway house and was scheduled to arrive there on the date of his original graduation date, July 14, 2006. Further, Ginn claims that the respondent had already authorized a 233-day reduction of his sentence, which created a protected liberty interest and changed his good conduct release date from September 4, 2007, to a new date, January 14, 2007.

As to the BOP's administrative remedies, this time the petitioner states that on August 9th, he received a denial in response to his BOP administrative complaint of July 14, 2006, and on August 25, 2006, he filed an appeal of that decision to the Regional Director of the BOP. He again urges that he not be required to exhaust that process, as it can by waived by the federal courts and should be waived herein, because "every day is another loss of the 233 days without due process."

3

In addition to the relief which he originally sought in the previous §2241 proceeding, the petitioner adds another demand. He also asks as follows:

> That the Court issue an order directing the Respondent to credit the time between the original transfer date of July 14, 2006 and the ultimate date Petitioner is released to the halfway house as component of the mandatory 180 days after care to be completed by Respondent, resulting in the Petitioner's GTC date once again being January 14, 2007, as it was prior to the Respondent's actions.

Petition at 5.

## DISCUSSION

As Petitioner Ginn was informed by this Court previously, successful completion of the RDAP program is no guarantee that the BOP will exercise its discretion to award the program participant with the incentives described in 18 U.S.C. §3621(e)(2), and the petitioner has not clearly alleged his completion of all parts thereof. Moreover, the statute provides for any award to be at the total discretion of the warden. On this record, as previously, the Court will not reach the merits of this petitioner's claim until and unless he first exhausts the BOP's administrative remedy system.

The instant petitioner was also advised earlier that the administrative remedies for federal prisoners are set forth at 28 C.F.R. §§542.10-16 (2005), and the exhaustion requirement is judge-made. *Wesley v. Lamanna*, 27 Fed.Appx. 438, 438-39 (6th Cir. 2001). Further, the exhaustion requirement requires the prisoner to complete, not merely initiate, the grievance process prior to the filing of the petition. *Id.* (citing *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998)).

Even though the exhaustion requirement is waivable, the Courts do not readily waive it. *See James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987). The petitioner claims to have completed an appeal to the Regional Director, a BP-10 form, which is currently pending. Therefore, he has only one more step to go in the BOP's administrative

procedure, which includes reasonable established response times. §542.18. As soon as an appeal is accepted and filed, the Regional Director has 30 days to answer, and then, upon denial, the petitioner may file a BP-11 to General Counsel, who has 40 days to decide at the final, national level. Additionally, the regulation provides, "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

The petitioner has failed to carry the burden of showing futility or irreparable injury to justify waiver of the exhaustion requirement. The equities of *Colton v. Ashcroft*, 299 F.Supp.2d 681 (E.D. Ky. 2004), wherein a waiver was granted, simply are not present herein. In this case, there is no arbitrary change in an imminent release date, based solely upon the BOP's sudden decision to change its policy with regard to the time inmates would spend in the halfway house, as there was in *Colton*. *Id.* at 689.

Moreover, the Court is troubled that the instant petitioner, despite having knowledge of the need to exhaust the BOP procedures, has nonetheless failed to attach anything to his petition. He attaches no supporting documents showing a change in his release date, or any copies of his BP-8 or BP-9 or BP-10, or a copy or description of the BOP's August 9, 2006 response to his BP-9. It is also of concern that Ginn asks for expedited review when, after learning of the later graduation date, he waited more than 3 weeks to file his BP-9; and when it was denied on August 9th, he waited another 2 weeks to appeal to the Regional Director.

The record in the case *sub judice* contains only the *pro se* petitioner's scant allegations, which are so contradictory that it is not clear whether he has finished the class work portion of the RDAP. One of the reasons for the exhaustion requirement is to prepare a record for the courts. *See Brice*

*v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). There is virtually no record herein, and thus no rationale(s) which the Court can evaluate as to the permissibility of what has taken place thus far.

The federal courts have recognized that in addition to providing the court with a record, there are additional reasons for the exhaustion requirement. As stated by the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988):

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Id.* at 205. Because the plaintiff's failure to exhaust violates both the letter and underlying rationales for the exhaustion requirement, his cause of action must be dismissed.

Finally, the Court emphasizes that again, the dismissal herein will be without prejudice to the plaintiff's filing a later lawsuit, after proper exhaustion.

## **CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Jeffrey Ginn's Section 2241 petition for habeas corpus [Record No. 1] is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the docket of the Court.

(2) Petitioner's Motion for Expedited Hearing and Interim Relief [Record No. 2] is also **DENIED**.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 31 day of October, 2006.

*KSF*
KARL S. FORESTER, SENIOR JUDGE